GABRIEL RICHARD SCHOOL DISTRICT IMPROVEMENT ASSOCIATION *v.* CITY OF GROSSE POINTE FARMS.

1. Municipal Corporations — Charter — Off-Street Parking — Leases.

City charter providing for "the acquiring, establishment, operation, extension and maintenance of facilities for the storage and parking of vehicles within its corporate limits * * * by gift, purchase, condemnation, or otherwise, the land necessary therefor" authorized the leasing of property of the city to school board in exchange for lease of property by the school board to the city of land to be used for off-street parking (CL 1948, §141.103; Grosse Pointe Farms City Charter, § 2.2).

2. Costs—Public Question—Off-Street Parking.

No costs are allowed on appeal from order denying an injunction against use of school lands for establishment of an off-street parking lot, where a public question is involved.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted October 29, 1957. (Docket No. 96, Calendar No. 47,326.) Decided March 4, 1958.

Bill by Gabriel Richard School District Improvement Association, a Michigan corporation, and several individuals, against City of Grosse Pointe Farms, the Grosse Pointe Public School System, both municipal corporations, and certain public officials to enjoin construction of an off-street parking lot. Special motion for permanent injunction on

References for Points in Headnotes.

[1] 37 Am Jur, Municipal Corporations § 136.
Municipal establishment or operation of off-street public parking facilities. 8 ALR2d 373.

the pleadings denied. Plaintiffs appeal. Affirmed.

*James A. Jameson* and *Charles E. Raymond,* for plaintiffs.

*Thomas C. Tilley,* City Attorney (*Edward P. Wright* and *Dickinson, Wright, Davis, McKean & Cudlip,* of counsel), for defendants City of Grosse Pointe Farms, its council and mayor.

KELLY, J. Plaintiffs sought an injunction against defendants and were denied such relief by Hon. Joseph A. Moynihan, judge of the Wayne county circuit court. Appellants' appeal as a matter of right was first challenged by this Court, but was finally decided to be accepted after counsel for both appellants and appellees requested that the appeal be honored and assurance by counsel for both appellants and appellees that the decision rendered in this appeal would be a final decision and determination.

The following from Judge Toms' pretrial statement, after the hearing of February 27, 1957, sufficiently sets forth the facts:

"The city of Grosse Pointe Farms had a parcel of land at the foot of Seven Mile road used as beach and recreation area. The defendant, Grosse Pointe Public School System, had a playground at the corner of McMillan and Ridge road, as a part of the Gabriel Richard School area. The school system being faced by the mandate of the 1956 statute[*] concerning compulsory driver training, entered into a reciprocal lease with the city for the exchange of leaseholds covering a 65-foot strip on the northerly edge of the playground area, in exchange for a part of the beach and playground area. The 65-foot strip was to be used for a parking area by the city, and

---

[*] Reference is to PA 1955 (1st Ex Sess), No 1 (CLS 1956, § 257.-811).—REPORTER.

the beach and playground area was to be used for driver training for pupils of the public, parochial and private schools.  The leases furnished consideration each for the other, and no rental for either in money was called for.  The plantiff is a typical improvement association, a nonprofit corporation, with citizens in the Gabriel Richard District providing the membership."

Appellants contend that the defendant city has no power or authority to construct off-street parking facilities on that portion of the property leased to it by the Grosse Pointe public school system and that neither the parking meter ordinance (No 85) nor the zoning ordinance (No 91) is "sufficiently broad to authorize the construction of off-street parking facilities."

Appellants admit "the statute,* as well as the city charter, is an enabling act which permits the city to enact an ordinance for off-street parking," but, appellants contend, no such authority is granted by defendant city's ordinance.

Section 2.2 of the charter of the city of Grosse Pointe Farms, provides:

"In addition to the powers possessed by the city under the Constitution and statutes of the State of Michigan, and those set forth throughout this charter, the city shall have power with respect to and may, by ordinance and other lawful acts of its officers, provide for:    *    *    *

"(g) The acquiring, establishment, operation, extension and maintenance of facilities for the storage and parking of vehicles within its corporate limits, including the fixing and collection of charges for services and use thereof on a public utility basis, and for such purpose to acquire by gift, purchase, condemnation, or otherwise, the land necessary therefor."

---

* See CLS 1956, § 141.103 (Stat Ann 1957 Cum Supp § 5.2733).—Reporter.

This charter gives to defendant city the right to lease the property and the trial court did not err in denying injunctive relief, and the order denying special motion for entry of a permanent injunction is approved.

Affirmed. No costs, a public question being involved.

DETHMERS, C. J., and CARR, SMITH, BLACK, EDWARDS, and VOELKER, JJ., concurred.

KAVANAGH, J., took no part in the decision of this case.